UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER S. JOHNSON,           )   CASE NO. C05-0201-JCC-MAT
                                  )
        Petitioner,               )
                                  )
    v.                            )   REPORT AND RECOMMENDATION
                                  )
JAMES SPALDING,                   )
                                  )
        Respondent.               )
_____)

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Christopher Johnson submitted a proposed habeas corpus petition under 28 U.S.C. § 2254, along with an application to proceed *in forma pauperis*. (Dkts. 1 & 6.) The Court issued an order declining to serve the petition and granting petitioner leave to amend.[1] (Dkt. 7.) The Court noted that petitioner appeared to allege claims that may be brought in an action under 42 U.S.C. § 1983, rather than in a habeas petition under § 2254. The Court, therefore, granted petitioner leave to file either an amended petition under § 2254 or an amended complaint under § 1983.

In response to the Court's order, petitioner submitted a proposed complaint under § 1983. For administrative purposes, the Clerk of the Court assigned petitioner's proposed § 1983

---

[1] The Court also declined to grant petitioner's *in forma pauperis* application because it was not complete.

REPORT AND RECOMMENDATION
PAGE -1

complaint a new case number (C05-748-MJP-JPD), rather than filing it under case number C05-201-JCC-MAT.[2] Petitioner did not submit an amended habeas petition under § 2254, although he did file a pleading entitled "Emergency Motion Objecting to Order Declining Service." (Dkt. 8.)

Given petitioner's failure to submit an amended § 2254 petition, the Court issued an order to show cause why this petition should not be dismissed without prejudice. (Dkt. 10.) The Court noted that petitioner's proposed § 1983 complaint in case number C05-748-MJP-JPD appeared to relate to the issues he initially asserted in his § 2254 habeas petition. The Court advised petitioner that dismissal without prejudice of his habeas petition would not prevent him from pursuing the § 1983 claims asserted in the proposed complaint under C05-748-MJP-JPD. The Court noted that petitioner's habeas petition appears to assert that he was unlawfully transferred from one state correctional facility to another in late 2004 or early 2005. The Court further noted that, although a prisoner may in certain circumstances challenge a prison transfer through a habeas petition under § 2254, a prisoner must exhaust available state court remedies before maintaining a habeas petition. The Court also noted that, although petitioner asserted that he has a direct criminal appeal pending at this time (Dkt. 8, at 3), he failed to show exhaustion of his remedies in the Washington state courts with respect to claims that the prison transfer in late 2004/early 2005 violated his constitutional rights.

Petitioner submitted a response to the Court's order to show cause. (Dkt. 11.) In that response, petitioner asserts that he has been denied access to documentation proving that he has exhausted all state remedies. Petitioner further asserts that the civil suit filed under C05-748-MJP-JPD is not related to the claims in his habeas petition. Finally, petitioner asserts his constitutional right to habeas relief, and argues that his ability to challenge his conviction has been hindered by his unlawful transfer to a mental ward and by the injection of anti-psychotic drugs. However,

---

[2] Mr. Johnson also has two other proposed § 1983 complaints pending. *See* C05-821-JLR-MJB and C05-957-JLR-JPD.

REPORT AND RECOMMENDATION
PAGE -2

petitioner's § 2254 petition is nonetheless subject to dismissal without prejudice based on his failure to exhaust.

As noted above, under certain circumstances, a prisoner may challenge a transfer from one facility to another by filing a habeas corpus petition under 28 U.S.C. § 2254. *See, e.g.*, *White v. Lambert*, 370 F.3d 1002, 1005-1014 (9th Cir. 2004) (proceeding under § 2254 appropriate in case where inmate challenged administrative decision to transfer him from one prison to another). However, state remedies must first be exhausted on all issues raised in a federal habeas petition. 28 U.S.C. § 2254(b)-(c). A petitioner may satisfy the exhaustion requirement by providing the highest state court with the opportunity to rule on the merits of the claim or by showing that no state remedy remains available. *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982). *See also Carter v. Giurbino*, 385 F.3d 1194, 1196 (9th Cir. 2004) ("Before seeking federal habeas relief, a state prisoner must fairly present all of his claims to the highest state court to provide that court with an opportunity to rule on the merits of the federal claims.")

Here, beyond petitioner's bare assertion, there is no indication he exhausted available state remedies. In fact, a review of the documents submitted by petitioner demonstrates the implausibility of petitioner's assertion as to exhaustion. In his motion objecting to the Court's order declining service, petitioner clarified that his writ of habeas corpus challenges only his present confinement in a mental treatment ward. (Dkt. 8 at 4.) A review of the two proposed petitions submitted by petitioner shows that this confinement began as of January 13, 2005. (Dkt. 1 at 1 and Dkt. 6 at 6.) Yet, petitioner maintained in a proposed petition filed on January 31, 2005 – less than three weeks after his confinement in a mental treatment ward – that he had exhausted all available state remedies. (Dkt. 1 at 2.) He also later appeared to concede in his second proposed petition, filed on February 14, 2005, that he had not exhausted available state remedies by writing "N/A" next to all questions pertinent to the issue of exhaustion. (Dkt. 6.)

In sum, it appears that petitioner has not exhausted available state remedies with respect to the claim raised in his proposed habeas petition. Because this petition contains no exhausted

REPORT AND RECOMMENDATION
PAGE -3

01 claims, it is subject to dismissal without prejudice. *See*, *e.g.*, *Jiminez v. Rice*, 276 F.3d 478, 481
02 (9th Cir. 2001); *Greenawalt v. Stewart*, 105 F.3d 1268, 1274 (9th Cir. 1997).
03    For the reasons set forth above, petitioner's petition should be dismissed without prejudice.
04 A proposed Order accompanies this Report and Recommendation.
05    DATED this  2nd  day of June, 2005.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -4